UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MICHAEL A. STALNAKER, | ) Case No.  1:07 CV 2204 |
| | ) |
| Petitioner, | ) Judge Dan Aaron Polster |
| | ) |
| vs. | ) **MEMORANDUM OF OPINION** |
| | ) **AND ORDER** |
| DAVID BOBBY, WARDEN, | ) |
| | ) |
| Respondent. | ) |

Before the Court is the Report and Recommendation (the "R&R") of Magistrate Judge Greg White.  (**ECF No. 9**.)  Pending is the Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus By A Person In State Custody (the "Petition"), filed on July 23, 2007 by Petitioner Michael A. Stalnaker.  (**ECF No. 1**.)  The Magistrate Judge recommends that the Petition be denied as to Ground One but conditionally granted as to that part of Ground Two resting on a *Blakely v. Washington*, 542 U.S. 296 (2004) claim that Stalnaker was improperly sentenced to "non-minimum" prison terms.  Stalnaker and Respondent have each filed Objections to the R&R.  (ECF Nos. 11, 13.)  For the following reasons, the Objections are **DENIED** and the Report and Recommendation is **ADOPTED**.

1

# I. BACKGROUND

On December 5, 2003, the Lake County Grand Jury charged Stalnaker with five counts of rape, six counts of gross sexual imposition, and six counts of furnishing alcohol to a minor. Stalnaker pleaded not guilty to the charges and the matter proceeded to a jury trial where he was found guilty as charged. On May 6, 2004, the trial court sentenced Stalnaker to an aggregate prison term of thirty-three years.

On June 15, 2004, Stalnaker timely appealed the conviction to Ohio's Eleventh District Court of Appeals ("state appellate court"), alleging seven assignments of error. *See State v. Stalnaker*, 2005-Ohio-7042, 2005 WL 3610430 (Ohio App. 11 Dist. Dec. 29, 2005).[1] On June 24, 2004, the United States Supreme Court decided *Blakely v. Washington*, 542 U.S. 296 (2004) finding a violation of the Sixth Amendment right to trial by jury where the state sentencing statute permitted a judge to increase the defendant's sentence based upon factual finding of the judge rather than the jury. On December 29, 2005, the state appellate court affirmed Stalnaker's convictions and sentences.

On January 9, 2006, Stalnaker filed a motion for reconsideration pursuant to App.R. 26(A), which was denied by the state appellate court on January 27, 2006. Also on January 9, 2006, Stalnaker filed a Notice to Certify Conflict with the state appellate court regarding his fifth assignment of error, which raised two claims: 1) whether his sentence was

---

[1] Important to this habeas Petition, Stalnaker alleged that: "Appellant was denied the effective assistance of counsel, and was denied a fair trial in violation of the Ohio and United States Constitutions through the absence of objection to the introduction of prejudicial and irrelevant 'bad act' evidence which was not admissible under Evidence Rule 404(B)." (ECF No. 5, Ex. 17 at 21.) Furthermore, Stalnaker argued that: "Appellant's sentence was imposed in violation of Appellant's constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution." *Id*. at 32.

unconstitutional under O.R.C. § 2929.14(B) because it was based on improper judicial fact-finding which increased the sentence beyond the statutory minimum; and 2) whether the imposition of consecutive prison terms was unconstitutional. The state appellate court found a conflict existed only as to the first issue and certified the question to the Ohio Supreme Court.[2] While the certified question was pending, Stalnaker filed a Notice of Appeal with the Ohio Supreme Court.[3]

On February 27, 2006, the Ohio Supreme Court decided *State v. Foster*, 109 Ohio St.3d 1 (2006), in which the Court applied *Blakely* to Ohio's sentencing statutes and found portions thereof to be unconstitutional, including O.R.C. §§ 2929.14(B) and (E). On April 26, 2006, the Ohio Supreme Court dismissed the certified question, finding that no conflict existed. *State v. Stalnaker*, 2006-Ohio-1967, 109 Ohio St.3d 1420 (Apr. 26, 2006) (table) (cause dismissed). Furthermore, the Ohio Supreme Court dismissed Stalnaker's appeal, ruling that it did not involve any substantial constitutional question. *State v. Stalnaker*, 2006-Ohio-1967, 109 Ohio St.3d 1427 (Apr. 26, 2006) (table) (appeal not allowed).

---

[2]Specifically, the question certified to the Ohio Supreme Court was: "Whether the judicial findings mandated under R.C. 2929.14(B) are unconstitutional in light of the United States Supreme Court's decision in *Blakely v. Washington* (2004), 542 U.S. 296." (ECF No. 9 at 7.)

[3]The Notice of Appeal presented the two following propositions of law:

1. A criminal defendant is denied the effective assistance of counsel in violation of the Sixth Amendment when trial counsel engaged in a bizarre trial strategy that invited the introduction of "bad acts" evidence that tended to establish the accused's criminal propensity and in effect sealed the defendant's conviction.
2. An appellant is denied his constitutional right to an open court under Article I, Section 16 of the Ohio Constitution when an appellate court fails to adequately consider and address each of the arguments submitted in support of a claim of ineffective assistance of counsel. (ECF No. 5, Ex. 30 at i.)

On July 23, 2007, Stalnaker filed the instant Petition asserting two grounds for relief:

1. Petitioner's trial counsel provided ineffective assistance of counsel, in violation of the Sixth and Fourteenth Amendments to the United States Constitution, by pursing a bizarre trial strategy that invited the introduction of an avalanche of "bad acts" evidence that tended to establish the accused's criminal propensity and, in effect, sealed Petitioner's conviction.

2. Petitioner was sentenced in violation of Petitioner's constitutional rights under the Sixth and Fourteenth Amendments to the United States Constitution based upon judicial findings which were not admitted by Petitioner or proved to the jury beyond a reasonable doubt, contrary to the rule announced by the United States Supreme Court in *Blakely v. Washington*.

(ECF No. 1.) Respondent filed a Return of Writ (ECF No. 5), and Stalnaker filed a Traverse (ECF No. 8).

On September 24, 2008, Magistrate Judge White issued an R&R recommending that the Court dismiss the Petition as to Ground One but conditionally grant the *Blakely* claim contained in Ground Two. (ECF No. 9.) The Magistrate Judge concluded that the state appellate court correctly found that trial counsel's strategy did not amount to ineffective assistance of counsel, and that in any event there was no prejudice to Petitioner because the evidence of his guilt was overwhelming. In light of this conclusion, the Magistrate Judge also denied Petitioner's request to expand the record in support of the ineffective assistance of counsel claim. However, the Magistrate Judge did conclude that the state appellate court unreasonably applied federal law in affirming a greater-than-minimum sentence[4] based upon the

---

[4]The Court will use the term "greater-than-minimum sentence" in place of the phrase "non-minimum sentence" coined by Petitioner.

trial court's finding of facts not admitted by Petitioner nor submitted to and found by the jury.

Stalnaker and Respondent both filed timely Objections to the R&R (ECF Nos. 11, 13). Stalnaker argues that the Magistrate Judge erroneously concluded that trial counsel was not deficient because, reviewing the record as a whole, trial counsel's strategy was "bizarre" and not "objectively reasonable". (ECF No. 13 at 2-3.) Stalnaker further argues that the Magistrate Judge erroneously concluded that Petitioner was not prejudiced by trial counsel's strategy, as the evidence against Stalnaker was not overwhelming enough to negate counsel's conduct, and that the Magistrate Judge should have granted Petitioner's request for an expansion of the record to support the ineffective assistance of counsel claim. Finally, Petitioner objects to the Magistrate Judge's suggestion that Stalnaker's consecutive sentence claim was procedurally defaulted.

Respondent, on the other hand, objects to the Magistrate Judge's conclusion that the greater-than-minimum sentence predicated on judicial fact-finding violated *Blakely*. Specifically, Respondent argues that any *Blakely* error was harmless because upon re-sentencing the judge would impose the same sentence or a greater sentence.
.

## II. STANDARD OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), governs the standards of review for state court decisions involving habeas corpus petitions. AEDPA provides that federal courts cannot grant a habeas petition for any claim that the state court adjudicated on the merits unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted

in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). *See also, Miller v. Francis*, 269 F.3d 609, 614 (6th Cir. 2001).

The United States Supreme Court outlined the proper application of § 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). To justify a grant of habeas relief under the "contrary to" clause, "a federal court must find a violation of law clearly established by holdings of the Supreme Court, as opposed to its dicta, as of the time of the relevant state court decision." *Miller*, 269 F.3d at 614 (internal quotations omitted) (quoting *Williams*, 529 U.S. at 412). Meanwhile, "under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* (quoting *Williams*, 529 U.S. at 412). The proper inquiry for the "unreasonable application" analysis is whether the state court decision was "objectively unreasonable." *Williams*, 529 U.S. at 409-11; *McAdoo v. Elo*, 365 F.3d 487, 493 (6th Cir. 2004). If the state court never addressed an issue raised, this Court must review that issue *de novo*. *Burton v. Remico*, 391 F.3d 764, 770 (6th Cir. 2004). Where, as here, the last state court decision is silent or neglects to explain its reasons for not granting the requested relief, this Court may assume that it relied on the last reasoned state court decision. *Ivory v. Jackson*, 509 F.3d 284, 291-92 (6th Cir. 2007) (citations omitted). Thus, the Eleventh District Court of Appeals' rationale will be taken as the state court's basis for denying relief. *Id*.

Pursuant to 28 U.S.C. § 636(b)(1), the Court conducts a *de novo* review of those portions of the R&R to which Stalnaker and Respondent objected. 28 U.S.C. § 636(b)(1);

*Flournoy v. Marshall*, 842 F.2d 875 (6th Cir. 1988). Stalnaker's Petition asserts two grounds for relief. The Court will discuss the objections pertaining to each ground in turn.

### III. ANALYSIS

*Ground One: Ineffective Assistance of Counsel*

In habeas petitions, the question of ineffective assistance of counsel is a mixed question of law and fact and, therefore, the "unreasonable application" prong of § 2254(d)(1) must be applied. *Mitchell v. Mason*, 325 F.3d 732, 738 (6th Cir. 2003). The Supreme Court established the standard to prove ineffective counsel in *Strickland v. Washington*, 466 U.S. 688 (1984), where it held that:

> First, the [petitioner] must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the [petitioner] must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687. The reviewing court's scrutiny of counsel's performance is highly deferential and counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id*. at 689-90; *see also, Roe v. Flores-Ortega*, 528 U.S. 470, 481 (2000) ("The relevant question is not whether counsel's choices were strategic, but whether they were reasonable."). To establish the prejudice element, the "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. If the petitioner cannot meet both prongs of the *Strickland* test, the writ cannot be issued. *Id.* at 687.

Stalnaker argues that the state court's application of *Strickland* was objectively

unreasonable in light of the evidence presented. (ECF No. 11.) He claims that both prongs of the *Strickland* test are satisfied and, therefore, he was deprived of his constitutional right to a fair trial.

In an effort to satisfy the first prong of the *Strickland* test, Stalnaker argues that his trial counsel's strategy was deficient because it admitted otherwise inadmissible evidence that: (1) he had a previous sexual relationship with another minor female; (2) he had a romantic relationship with at least one other minor female who attended school with the victim; and (3) he had supplied alcohol and drugs to minors, drank alcohol with minors, and permitted his thirteen year old son to sleep with a girl. (ECF No. 11 at 2.) The state appellate court addressed all of these evidentiary issues and determined that the evidence was reasonably related to and supported defense counsel's trial strategy. *State v. Stalnaker*, No. 2004-L-100, 2005-Ohio-7042, ¶51-63 (Ohio Ct. App. Dec. 29, 2005).[5] The court held that the strategy was not deficient or illegitimate under the *Strickland* standard.[6] It explained the "risky" strategy was necessary because of the "overwhelming amount of inculpatory evidence presented by the

---

[5]The state appellate court explained that counsel's strategy was to "establish the victim as an imaginative twelve-year-old who was jealous of appellant's relationship with her classmates, thereby providing her an improper motive to fabricate the sexual encounters. To support this theory, evidence of appellant's contemporaneous and prior relationships with the victim's classmates was necessary." *Id*. at ¶ 52. "Moreover, evidence of appellant's contemporaneous relationship with a classmate was used by counsel in attempting to establish that appellant was not with the victim when the sexual encounters allegedly took place." *Id*. at ¶ 53.

[6]The state appellate court rationalized that: "Although defense counsel's strategy allowed the prosecution to introduce evidence of other bad acts, clearly counsel believed this risk was outweighed by the advantage of establishing his defense theories. Due to the overwhelming amount of inculpatory evidence presented by the state, defense counsel was left with relatively few options. Accordingly, he attempted to establish his theories of a jealous, motivated victim, and that appellant was not with the victim when the sexual encounters allegedly occurred, via evidence appellant's relationships with the victim's classmates." *Id*. at ¶ 57.

state." *Id*. at ¶57.

The Court agrees with the Magistrate Judge's conclusion that the state appellate court correctly applied the *Strickland* test in finding that counsel's performance was not constitutionally deficient. The Court agrees with the state appellate court that although defense counsel's strategy–to use the "bad acts" evidence to cast doubt on the victim's testimony–ultimately did not work, it does not mean that the strategy was constitutionally unsound. Stalnaker admits that the victim was inconsistent and contradictory. (ECF No. 11 at 3.) Thus, it was not an unreasonable strategy for counsel to attempt to take advantage of these inconsistencies by proving the victim had motive to lie because she was jealous of Stalnaker's relationship with her classmates. The strategy falls within the wide range of professionally reasonable judgments. *See Strickland*, 466 U.S. at 689-91. Therefore, Stalnaker has not established the first prong of the *Strickland* test.

Even if Stalnaker could establish the first prong of the *Strickland* test, he must establish that counsel's deficient performance prejudiced him so as to make the trial unfair and the result unreliable. *Strickland*, 466 U.S. at 694. In support of the second prong, Stalnaker argues that "there is a reasonable probability that, but for trial counsel's errors, [he] would not have been convicted on all counts." (ECF No. 11 at 4.) Again, the Court agrees with the Magistrate Judge's conclusion that Stalnaker cannot establish prejudice, as the evidence of his guilt was overwhelming. The state appellate court reasoned that even if all the objected to evidence was admitted in error, "such error did not prejudice [Stalnaker] in light of all the

properly admitted evidence." *Stalnaker*, 2005-Ohio-7042, at ¶ 62.[7] The Court has reviewed the record and finds that the state appellate court's determination–that the possible errors did not result in an unreliable or fundamentally unfair trial–is objectively reasonable in light of the evidence presented.[8] As the Magistrate Judge concluded, the transcript of the controlled call made to Stalnaker with the consent of the victim which corroborated the victim's allegations, the numerous instant messages and phone calls between Stalnaker and the victim, and the physical evidence of sexual abuse provided overwhelming evidence of Stalnaker's guilt. Thus, Stalnaker cannot establish the second prong under *Strickland* and his objection is without merit.

In conclusion, the state appellate court's application of *Strickland* was not

---

[7]The court explained that: "As will be established under our analysis. . . there was substantial evidence which demonstrated an on-going sexual relationship between appellant and the victim. This evidence included testimonial evidence, countless instant messages between appellant and the victim, records of voluminous phone calls between appellant and the victim, the 'controlled' phone call, and physical evidence of sexual abuse." Id. at ¶ 62.

[8]Stalnaker argues that "[u]nder well-established Sixth Circuit precedent, this Court must examine the combined effect of all of counsel's errors, in light of the totality of the evidence in the case, when determining if [Stalnaker] was prejudiced by his counsel's performance at trial." (ECF. No. 11 at 4.) However, "[t]he Supreme Court has not held that distinct constitutional claims can be cumulated to grant habeas relief." *Millender v. Adams*, 376 F.3d 520, 529 (6th Cir. 2004) (quoting *Lorraine v. Coyle*, 291 F.3d 416, 447 (6thCir.2002)). Because the United States Supreme Court has not recognized cumulative error issue, it is not cognizable in habeas relief. *Lockyer v. Andrade*, 538 U.S. 63 (2003); *see also, Williams v. Anderson*, 460 F.3d 789, 816 (6th Cir. 2006) ("[T]he law of this Circuit is that cumulative error claims are not cognizable on habeas because the Supreme Court has not spoken on this issue."). Nevertheless, the Sixth Circuit in *Lundgren v. Mitchell*, 440 F.3d 754, 770 (6th Cir. 2006), explained that "[i]n making this determination as to prejudice, this Court examines the combined effect of all acts of counsel found to be constitutionally deficient, in light of the totality of the evidence in the case." *Id.* at 770. Assuming *arguendo*, that cumulative error can form the basis for relief on the prejudicial effect element of the *Strickland* test, the claim still fails because Stalnaker cannot demonstrate that any–let alone all–of counsel's alleged deficiencies prejudiced the outcome of his case in light of all the properly admitted evidence.

objectively unreasonable based on the evidence presented. Thus, Stalnaker's first objection is denied. Moreover, the Court overrules Petitioner's related objection to the Magistrate Judge's denial of Petitioner's request for leave to expand the record in support of his ineffective assistance of counsel claim. The Court agrees with the Magistrate Judge that the record need not be expanded in light of the ruling on the ineffective assistance of counsel claim.

*Ground Two: Greater-Than-Minimum and Consecutive Sentences*

*1. Exhaustion Requirement*

Before a state prisoner may seek a writ of habeas corpus, he must exhaust his state court remedies by fairly presenting all of his constitutional claims to the highest state court, and to all appropriate prior state courts. 28 U.S.C. § 2254(b)-(c); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). On January 9, 2006, Stalnaker filed a Notice to Certify Conflict with the state appellate court claiming that the use of judicial fact-finding to justify both greater-than-minimum and consecutive sentences violated *Blakely v. Washington*, 542 U.S. 296 (2004).[9] The court determined a conflict existed regarding Stalnaker's greater-than-minimum sentencing objection and certified the question to the Ohio Supreme Court.[10]

---

[9] The first claim was that the lower court erred when it "imposed a non-minimum prison sentence based on additional judicial findings made in accordance with R.C. § 2929.14(B)." The second claim was that the state appellate court did not address the objection but "upheld the conditionality of the trial court's imposition of consecutive sentences based on additional judicial findings made in accordance with R.C. § 2929.14(E)(4)." (ECF No. 5, Ex. 21 at 3.)

[10] The question was "[w]hether the judicial findings mandated under R.C. § 2929.14(B) are unconstitutional in light of the United States Supreme Court's decisions in *Blakely v. Washington* (2004), 543 U.S. 296." (ECF No. 5, Ex. 25 at 3.)

The R&R concluded that the greater-than-minimum sentence objection was procedurally exhausted.  (ECF No. 9 at 20.)  Neither party has objected to the Magistrate Judge's determination and the Court adopts the R&R's conclusion.  Respondent argued, however, that Stalnaker's consecutive sentence objection was procedurally defaulted.  The Magistrate Judge opined that Respondent may be correct, but that certifying the conflict to the Ohio Supreme Court may have brought the entire case, including Petitioner's consecutive sentence claim, before the Supreme Court for review.  Ultimately, the Magistrate Judge determined that his recommendation on minimum sentencing "render[ed] it unnecessary to rule" on whether the consecutive sentence question was defaulted.  (ECF No. 9 at 27.)

The Court concludes that the consecutive sentence claim has not been defaulted.  Under Ohio procedural law, by certifying the record, the entire case, not merely the certified question, goes before the Ohio Supreme Court for review.  *Twin City Fire Insurance Co. v. Adkins*, 400 F3d 293, 300 (6th Cir. 2005); *Brown v. Borchers Ford, Inc.*, 50 Ohio St.2d 38, 39 (Ohio 1977) ("Certification of the record of the case to the Supreme Court, because of a conflict between judgments of the Courts of Appeals upon any question, brings the entire case, not merely the certified question, before this court for review."); *see also*, *State v. Volpe*, 38 Ohio St.3d 191, 192 (Ohio 1988).  Consequently, both Stalnaker's greater-than-minimum and consecutive sentencing questions were before the Ohio Supreme Court, which held that a conflict did not exist and dismissed the "cause."  (ECF No. 5, Ex. 34); *State v. Stalnaker*, 2006-Ohio-1967, 109 Ohio St.3d 1420 (Apr. 26, 2006) (table) (cause dismissed).  Accordingly, Stalnaker's consecutive sentence claim has not been defaulted either.

**2. Merits**

Stalnaker argues that his sentence violates *Blakely v. Washington*, 542 U.S. 296 (2004), because the trial court imposed greater-than-minimum, consecutive sentences based upon judicial fact-finding not admitted by him or found by the jury beyond a reasonable doubt. Respondent concedes that *Blakely* applies to Stalnaker's sentence because the case was on direct appeal when *Blakely* was decided. (ECF No. 5 at 36 ("Since Stalnaker's sentencing had not yet become final at the time of the *Blakely* decision, *Blakely* applies to Stalnaker's sentencing.").)

In *Blakely*, the United States Supreme Court held that a statutory sentencing scheme that permits sentence enhancements based on judicial fact-finding is unconstitutional. *Blakely*, 542 U.S. at 303. However, the state appellate court failed to apply *Blakely* to Stalnaker's sentence.[11] Furthermore, while Stalnaker's direct appeal to the Ohio Supreme Court was pending on the Motion to Certify the Conflict, the Ohio Supreme Court ruled on *State v. Foster*, 109 Ohio St.3d 1 (2006). In *Foster*, the Court struck down certain provisions of Ohio's sentencing guidelines that permitted sentencing enhancements based on judicial fact-finding, and thus violated *Blakely*. Important to this case, the Court severed O.R.C. § 2929.14(B) and (E)(4), allowing trial courts full discretion to impose a prison sentence within the statuary range and no longer required findings for imposing consecutive sentences or those beyond the statutory

---

[11]The state appellate court explained; "This court has previously not applied the holding of *Blakely* to the sentencing factors of R.C. 2929.14(B). In doing so we have concluded that the *Blakely* holding does not render the trial court's findings with respect to these factors constitutionally infirm." *Id*. at ¶ 115. "The clear precedent of this court establishes that the trial court's use of the sentencing factors under R.C. 2929.14(B) did not constitutionally invalidate appellant's sentence. Instead, when the trial court made the findings under R.C. 2929.14(B). . . it had the statutory authority to impose sentences which are longer than the statutory minimum." Id. at ¶ 117.

minimum. *Id*. at 31.[12] The *Foster* Court held that its ruling must be applied to all cases on direct review or not yet final. *Id*. However, in this case, the Ohio Supreme Court denied Stalnaker's Motion to Certify and dismissed the cause, after the Court's decision in *Foster*.

There is no question that Stalnaker was sentenced under sentencing statutes that violated *Blakely* with regard to sentence enhancement. Stalnaker was sentenced under O.R.C. § 2929.14(B) which provided that a trial judge must "impose the shortest prison term authorized, unless certain enhancements are applicable." He was subject to a statutory presumptive prison term on the substantive offense convictions, and the statutory presumptive minimum term he faced for each rape conviction was three years, under O.R.C. § 2929.14(A)(1), and for each gross sexual imposition conviction was one year, under O.R.C. § 2929.14(A)(3). Yet, the state trial court imposed eight-year sentences on each of the five substantive rape offenses and three-year sentences on each of the six gross sexual imposition offenses, after engaging in judicial fact-finding of the sort that *Blakely* found to be unconstitutional. Under the Ohio sentencing scheme in place when Stalnaker was sentenced, the state trial court was required to engage in judicial fact-finding before enhancing a sentence above the statutory presumed minimum. *See Foster*, 109 Ohio St. 3d at 19-20 ("Under R.C. 2929.14(B)(2) . . . a court is not authorized to exceed the

---

[12]In *Foster*, the Ohio Supreme Court found that the Ohio sentencing scheme, under which courts were generally required to engage in judicial fact-finding before imposing consecutive sentences or a sentence above the statutory minimum, violated the Sixth Amendment in light of *Blakely*. *Foster*, 109 Ohio St. 3d at 19-22. The remedy chosen by the *Foster* court was to sever the offending portions of the Revised Code, including § 2929.14(B) and (C) (creating presumptive minimum sentences); § 2929.19(B)(2) (mandating judicial fact-finding before imposing enhanced sentence); § 2929.14(E)(4) (creating presumptive concurrent sentences); § 2929.41 (mandating judicial fact-finding to impose consecutive sentences); § 2929.14(D)(2) and (3) (judicial fact-finding required before imposing additional penalties for repeat violent offender and major drug offender specifications). *Foster*, 109 Ohio St. 3d at 29-30.

shortest prison term unless it makes the additional findings.")

Nothing in the record indicates that Stalnaker admitted to the facts upon which the state trial court enhanced his sentence. By enhancing Stalnaker's sentence on judicially-found facts, the state trial court violated the United States Supreme Court's holding in *Blakely*, and Stalnaker was prejudiced by the additional years added to his statutory presumptive prison sentence. Therefore, his greater-than-minimum sentence is contrary to clearly established law, and habeas relief on the merits is appropriate.

### 3. *Harmless Error*

Respondent argues that even if the *Blakely* claim for the greater-than-minimum sentence has merit, it is a harmless error.[13] The Court first notes that it agrees with Respondent's contention that the R&R did not apply the proper standard of review to the harmless error analysis. (ECF No. 13 at 1-2.) The Magistrate Judge, quoting *United States v. Oliver*, 397 F.3d 369, 381 (6th Cir. 2005) (*citing* Fed.R.Crim.P. 52(a)), concluded that in the Sixth Circuit, "an error may be harmless only where the government is able to prove that none of the defendant's substantial rights have been affected by the error." (ECF No. 9 at 24.) Moreover, the Magistrate Judge noted that a remand for a sentencing error is required unless "the Court 'is certain that any such error was harmless – i.e. any such error did not affect the [trial court's] selection of the sentence imposed. (*Id. quoting United States v. Hazelwood*, 398 F.3d 792, 801 (6th Cir. 2005)

---

[13]Respondent also argues that "failure to object to a *Blakely* violation at sentencing acts as a forfeiture of a defendant's rights and therefore the appropriate standard of review under these circumstances is plain error review." (ECF. No. 13) (citing *State v. Payne*, 873 N.E.2d 306, 301 (Ohio 2007).) In *Payne*, the court applied this standard because *Blakely* was announced prior to the defendant's plea and sentence. Here, Stalnaker was convicted and sentenced in May of 2004, before *Blakely* was announced in June of 2004. Therefore, Respondent's argument is inapplicable to this situation.

(*internal citation omitted*).)  As noted by Respondent, the cases cited by the Magistrate Judge involved federal convictions on direct review, not state trial court convictions on collateral and habeas review.

The Magistrate Judge should have applied the standard of review set out by the United States Supreme Court in *Fry v. Pliler*, ---- U.S. ----, 127 S.Ct. 2321, 2328 (2007).  In *Fry*, the Supreme Court held that a federal habeas court "must assess the prejudicial impact of constitutional error in a state-court criminal trial under the...standard set forth in *Brecht [v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993)]."  *Fry*, 127 S.Ct. at 2328.  The standard is whether the error "had substantial and injurious effect or influence in determining the jury's verdict."  *Brecht*, 507 U.S. at 623 (*citation omitted*).  "If, however, 'the matter is so evenly balanced' that the habeas court has 'grave doubt' as to the harmlessness of the error, it should 'treat the error, not as if it were harmless, but as if it affected the verdict."  *Hereford v. Warren*, 536 F.3d 523, 533 (6th Cir. 2008) (*citing O'Neal v. McAninch*, 513 U.S. 432 (1995)).

Nevertheless, even applying the *Brecht* standard, the Court agrees with the Magistrate Judge that the constitutional error is not harmless.  Respondent explains that Ohio state courts may now sentence above the statutory presumptive minimum without explicitly engaging in *Blakely*-violative judicial fact-finding in the wake of *Foster*.  (ECF No. 13); *Foster*, 109 Ohio St. 3d at 30 (holding Ohio courts are now free to impose enhanced or consecutive sentences without making the previously-required findings of fact).  Respondent argues that upon re-sentencing, Stalnaker's sentence will most likely remain the same or increase, so the error is harmless.  In support of this position, Respondent relies on case law from federal district

courts in Ohio, where habeas relief was denied to petitioners with sentencing circumstances similar to Stalnaker's. The Court rejects Respondent's argument.

Respondent's primary support for this argument is Judge Gwin's decision in *Shafer v. Wilson*, No. 1:06-CV-648, 2007 U.S. Dist. LEXIS 6597, 2007 WL 315760 (N.D. Ohio Jan. 30, 2007). In *Shafer*, Judge Gwin denied habeas relief to the petitioner who argued that his sentence violated *Blakely*. Judge Gwin reasoned that the *Blakely* error was harmless and therefore non-prejudicial because the petitioner could not show that he would receive a more favorable sentence on remand under the post-*Foster* sentencing scheme. However, other federal district courts in Ohio have come to the opposite conclusion, expressly rejecting *Shafer*'s reasoning and holding that the possibility of a higher sentence on remand did not render harmless the error in a *Blakely*-violative sentence. *See Cvijetinovic v. Eberlin*, No. 04-CV-2555, 2008 U.S. Dist. LEXIS 26483, *63-72, 2008 WL 918576, *20-23 (N.D. Ohio Mar. 31, 2008) (listing and discussing cases). The courts rejecting *Shafer* "reasoned that the fact that an error *could* be harmless does not satisfy the harmless error standard." *Id. at* 2008 U.S. Dist. LEXIS 26483 at *69, 2008 WL 918576 at *22. In *Villa-Garcia v. Warden, Noble Corr. Inst.*, No. 05-CV-810, 2007 U.S. Dist. LEXIS 23796, 2007 WL 1028528 (S.D. Ohio March 30, 2007), Judge Frost explained that the "possibility of a different sentence must logically preclude any habeas court from saying for a certainty that error is harmless." Furthermore, Judge Gwin has "expressly retreated from his opinion in *Shafer* and adopted the reasoning articulated in *Villa-Garcia*." *Cvijetinovic*, 2008 U.S. Dist. LEXIS 26483 at *71, 2008 WL 918576 at *23 (quoting *Crotts v. Bradshaw*, No. 1:06-CV-2519, 2007 U.S. Dist. LEXIS 79044, *46, 2007 WL 3283841, *17 (N.D. Ohio Oct. 30, 2007) (stating that "[t]he Court agrees with the criticism of *Shafer*. . . .

While the state sentencing court may impose the same sentence, it may also choose to impose a different one, as such the Court does not find the error harmless.").

The Court has previously agreed, and continues to agree, with the *Cvijetinovic* and *Villa-Garcia* analysis. *See Cooper v. Hudson,* 2008 WL 2001282, No. 3:07CV610 (N.D. Ohio, May 5, 2008). For a harmless error to exist, the court must be sure that the error had no or very slight effect. *O'Neal v. McAninch*, 513 U.S. 432, 435-38 (1995). Respondent is correct that because Stalnaker will be sentenced under Ohio's current sentencing scheme, the state trial court could increase Stalnaker's prison term, without stating findings to justify the enhancement. On the other hand, Stalnaker could receive a lower sentence. The Court cannot presume to know what another judicial officer will do. Therefore, Respondent cannot meet its burden of proof that the *Blakely* error was harmless. Accordingly, Respondent's objection is overruled and the Court adopts the R&R as to Ground Two for the greater-than-minimum sentences objection.

Conversely, as to Stalnaker's consecutive sentence argument, the Court agrees with the Magistrate Judge's conclusion that the claim is not cognizable on habeas review. *See Cvijetinovic v. Eberlin*, No. 04-CV-2555, 2008 U.S. Dist. LEXIS 26483, *63-72, 2008 WL 918576, *27 (N.D. Ohio Mar. 31, 2008). "The United States Supreme Court has not ruled that the imposition of consecutive sentences, based on judicial fact-finding or not, violates the Sixth Amendment; nor has it extended *Apprendi*, *Blakely*, or *Booker* to consecutive sentences." *Cobbin v. Hudson*, No. 05CV2809 2008 WL 552484, *2 (N.D. Ohio Feb. 26, 2008). The Court has, of course, already concluded that Stalnaker must be re-sentenced. Since Stalnaker will be re-sentenced anyway, this issue does not affect the outcome of the case.

## IV. CONCLUSION

For the reasons discussed *supra*, the Magistrate Judge's Report and Recommendation is hereby **ADOPTED**. Stalnaker's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 is **GRANTED** as to that part of Ground Two of his petition resting on a *Blakely v. Washington*, 542 U.S. 296 (2004) claim that Stalnaker was improperly sentenced to "non-minimum" prison terms and **DENIED** as to the remainder of his petition. The Court vacates Stalnaker's sentences that are above the statutory minimum for rape and gross-sexual imposition, and directs the State of Ohio to re-sentence Stalnaker within ninety (90) days of this decision or, if an appeal is taken from the Court's ruling, within ninety (90) days of the resolution of the appeal (provided that the Court's determination stands).

**IT IS SO ORDERED.**

                                                        /s/Dan Aaron Polster     November 10, 2008
                                                        **Dan Aaron Polster**
                                                        **United States District Judge**